UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEXTER M. DUMARCE,<br><br>        Plaintiff,<br><br>        v.<br><br>JAMES CHRISTENSEN,<br><br>        Defendant. | No. CV-05-419-FVS<br><br>ORDER DENYING MOTION TO DISMISS |

**THIS MATTER** comes before the Court without oral argument based upon the defendant's motion to dismiss. He is represented by Ellen M. O'Hara; the plaintiff is representing himself.

**BACKGROUND**

On January 15, 2003, Spokane Police Officer James Christiansen arrested Dexter M. Dumarce. On December 29, 2005, Mr. Dumarce lodged a complaint with the District Court Executive alleging that Officer Christiansen employed excessive force in violation of the Fourth Amendment. Mr. Dumarce seeks damages pursuant to 42 U.S.C. § 1983. Officer Christensen moves to dismiss on the ground that Mr. Dumarce's excessive-force claim is barred by the statute of limitations.

**RULING**

Congress did not include a statute of limitations when it enacted Section 1 of the Civil Rights Act of 1871, now codified as 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 266, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). Consequently, the Supreme Court decided to borrow

ORDER DENYING MOTION TO DISMISS - 1

a statute of limitations from state law. *Id.* In order to do so, it had to identify the state-law claim to which a § 1983 claim is most analogous. *Id.* at 276, 105 S.Ct. at 1947. It decided that a § 1983 claim is most analogous to a personal injury claim. *Id.* 277-78, 105 S.Ct. at 1947-48. That being so, concluded the Supreme Court, the statute of limitations for a § 1983 claim should be the same as the forum state's statute of limitations for a personal injury claim. *Id.* at 280, 105 S.Ct. at 1949. In the State of Washington, the limitations period for a personal injury claim is three years. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir.2002) (citing RCW 4.16.080(2)). As a result, a person who wants to prosecute a § 1983 claim in the Eastern District of Washington has three years in which to commence it. *See id.* The clock begins to run when the person knows or has reason to know of the injury that is the basis of his claim. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999). Mr. Dumarce alleges that he was injured during the course of his arrest on January 15, 2003. It follows that he had until at least January 15, 2006, to commence a § 1983 claim arising out of the arrest.

Although the statute of limitations for a § 1983 claim is borrowed from state law, federal courts look to Federal Rule of Civil Procedure 3 in order to determine when a § 1983 action is commenced. *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir.2002). Pursuant to Rule 3, an action is commenced when the complaint is filed with a district court. 309 F.3d at 1138. On December 29, 2005, Mr. Dumarce lodged a complaint with the District Court Executive and applied for leave to proceed in forma pauperis ("IFP"). Thus, for purposes of Rule 3, he commenced his § 1983 action on December 29, 2005, *i.e.*, at

ORDER DENYING MOTION TO DISMISS - 2

least two weeks before the statute of limitations expired.

On January 20, 2006, Mr. Dumarce was granted IFP status and ordered to file an amended complaint. He did so on February 6, 2006. By then, the statute of limitations had expired. State law governs whether the claim set forth in the amended complaint relates back to the date upon which he originally lodged his complaint with the District Court Executive. *Merritt v. Los Angeles*, 875 F.2d 765, 768 (9th Cir.1989). Insofar as state law is concerned, it is significant that Mr. Dumarce's amended complaint did not add Officer Christensen as a defendant nor did Mr. Dumarce's amended complaint add a new claim against Officer Christensen. As with his original complaint, Mr. Dumarce's amended complaint alleges that Officer Christensen employed excessive force against him during the course of the arrest on January 15, 2003. Consequently, Mr. Dumarce's amended complaint relates back to December 29, 2005. Washington Rule of Civil Procedure 15(c) ("Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."). *See Stansfield v. Douglas County*, 146 Wn.2d 116, 122-23, 43 P.3d 498 (2002) (discussing CR 15(c)).

One potential issue remains. RCW 4.16.170 provides that the statute of limitations is tolled if the complaint is served upon a defendant within 90 days of the filing of the complaint. *See Adkinson v. Digby, Inc.*, 99 Wn.2d 206, 208, 660 P.2d 756 (1983); *Gross v. Sunding*, --- Wn. App. ----, 161 P.3d 380, 385-86 (2007). Mr. Dumarce's complaint was not served within 90 days of December 29, 2005. If RCW 4.16.170 applies, the delay could be fatal. *See*

ORDER DENYING MOTION TO DISMISS - 3

*Adkinson*, 99 Wn.2d at 208 (the plaintiff must serve at least one defendant within 90 days of filing the complaint or the action "is a nullity"). However, RCW 4.16.170 does not apply to a § 1983 claim commenced in federal court. Although the statute of limitations is borrowed from state law, service of process is governed by the Federal Rules of Civil Procedure. *S.J. v. Issaquah Sch. Dist.*, 470 F.3d 1288, 1293 (9th Cir.2006) ("a federal court borrowing a state's time period for filing suit brought under federal law should not also borrow the state's time limits for serving the complaint"). Rule 4(m) states that a complaint must be served within 120 days. Mr. Dumarce's complaint was served within that period of time whether measured from December 29, 2005, or February 6, 2006.

**IT IS HEREBY ORDERED:**

The defendant's motion to dismiss (**Ct. Rec. 42**) is denied. The Court reserves ruling upon the defendant's motion for summary judgment (**Ct. Rec. 42**).

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to the plaintiff and to counsel for the defendant.

**DATED** this ___5th___ day of September, 2007.

>    s/Fred Van Sickle
>    Fred Van Sickle
>    United States District Judge

ORDER DENYING MOTION TO DISMISS - 4